UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

LILLY B. BRYANT,

    Plaintiff,

v.                                  Civil Action No.: 2:05-00297

JO ANNE BARNHART,
Commissioner of
Social Security,

    Defendant.

## MEMORANDUM OPINION AND ORDER

The court having received the Proposed Findings and Recommendation of United States Magistrate Judge Mary E. Stanley, filed on May 23, 2006; and the magistrate judge having recommended that the court grant plaintiff's motion for summary judgment to the limited extent that it seeks remand to the Commissioner for further proceedings and otherwise deny it; and the magistrate judge having further recommended that the court deny defendant's motion for judgment on the pleadings, reverse the final decision of the Commissioner, remand the case to the Commissioner and dismiss this matter from the court's docket; and no objection having been filed to the proposed findings and

recommendation, it is ORDERED that:

1. The findings made in the Proposed Findings and Recommendation of the magistrate judge be, and the same hereby are, adopted by the court;

2. The plaintiff's motion for summary judgment be, and it hereby is, granted only insofar as it requests remand to the Commissioner for further proceedings and plaintiff's motion is otherwise denied;

3. The defendant's motion for judgment on the pleadings be, and it hereby is, denied; and

4. The decision of the Commissioner be, and the same hereby is, reversed and this cause is remanded to the Commissioner for further proceedings pursuant to the fourth sentence of 42 U.S.C.A. § 405(g), which proceedings shall include a full consideration of the evidence of record, particularly claimant's junior high grades, claimant's standardized test scores, Dr. Wyatt's psychological evaluation, and claimant's IQ scores. Additionally, full and adequate consideration of the evidence of record shall be given when determining (1) claimant's educational level and (2) whether plaintiff can satisfy the requirements of Listing 12.05C, all as more fully set forth in

---

the magistrate judge's proposed findings and recommendation.[1]

The Clerk is directed to forward certified copies of this written opinion and order to all counsel of record and the United States Magistrate Judge.

DATED: July 6, 2006

/s/ John T. Copenhaver, Jr.
John T. Copenhaver, Jr.
United States District Judge

---

[1] It is noted that the ALJ did give some consideration to the applicability of Listing 12.05C. Near the beginning of the hearing held on August 19, 2004, the ALJ inquired of claimant's counsel as to whether a claim would be made under Listing 12.05C to which claimant's counsel responded in the affirmative. (Tr. at 375-76.) Inasmuch as the ALJ's written decision rejected the validity of claimant's low IQ scores, it appears the ALJ felt it was unnecessary to further address the applicability of 12.05C. Nonetheless, the rejection of claimant's low IQ scores was based, in part, on the ALJ's erroneous belief that (1) claimant did not have to repeat any grades, when in fact claimant repeated 8th grade with virtually no overall improvement (see Tr. at 73), and (2) it was "Dr. Wyatt's opinion [that] the claimant's IQ's were the result of a combination of her depression and anxiety," whereas Dr. Wyatt does not appear to have made that statement. (see Tr. at 13, 194-99.) The court further notes that on remand the ALJ will have some leeway in determining the validity of the claimant's IQ scores and is not bound by an IQ score that is wholly inconsistent with other evidence of record. See Popp v. Heckler, 779 F.2d 1497, 1499 (11th Cir. 1986) (rejecting a claim under listing 12.05C where the IQ score was inconsistent with the remainder of evidence in the record).